OPINION
On March 21, 1997, appellant, Larry Hill, was cited for operating a motor vehicle while intoxicated in violation of R.C.4511.19 and failure to maintain reasonable control in violation of R.C. 4511.202. On April 24, 1997, appellant filed a motion to suppress for failure to advise appellant of his Miranda rights. A hearing was held on May 9, 1997. By judgment entry filed same date, the trial court granted in part and denied in part said motion.
On May 19, 1997, appellant filed a supplemental motion to suppress additional statements and the field sobriety test for failure to advise appellant of his Miranda rights. A hearing was held on May 22, 1997. By judgment entry filed same date, the trial court granted in part and denied in part said motion.
On May 30, 1997, appellant filed a motion to dismiss for lack of probable cause to arrest. A hearing was held on June 4, 1997. At the conclusion of the hearing, the trial court denied said motion.
On June 9, 1997, appellant pled no contest.[1] By judgment entries filed same date, the trial court sentenced appellant to thirty days in jail and imposed a total fine of $780.00. In addition, the trial court filed two judgment entries on his previous rulings on appellant's motions to suppress.
On July 3, 1997, appellant filed a notice of appeal. By opinion and judgment entry filed February 17, 1998, this court remanded the case to the trial court for findings of fact. Findings of fact were filed on March 31, 1998. This matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT-APPELLANT'S MOTION TO DISMISS AS THERE EXISTED INSUFFICIENT EVIDENCE TO CONVICT THE APPELLANT FOR DRIVING UNDER THE INFLUENCE IN VIOLATION OF OHIO REVISED CODE § 4511.19.
 I
Appellant claims the trial court erred in denying his motion to dismiss for lack of probable cause to arrest. We disagree.
The law on probable cause has developed from the United States Supreme Court's holding in Illinois v. Gates (1983),462 U.S. 213. Probable cause to arrest is not synonymous to probable cause for search. Arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime.State v. Timson (1974), 38 Ohio St.2d 122. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals and location. Katz, Ohio Arrest, Search and Seizure (1995), 77-81, Section T. 3.05(A), (B) and (C).
Officer Ron DeVees of the Marlboro Township Police Department responded to a traffic accident call and described the scene as follows:
 I received a call of a non-injury accident in the 12000 block of Marlboro Avenue. I responded, I found a pickup truck had exited the right-hand of the road, struck a 1984 Saab inflicting heavy damage to it, had deflected off, pulled up a foundation shrubbery, struck a house, deflected across the law[n], inflicting heavy lawn damage and struck a small tree.
Officer DeVees personally observed appellant immediately after the accident. Officer DeVees observed appellant's walking ability and heard appellant's responses to his initial questions. T. at 60-61. Officer DeVees testified "[h]e had a moderate odor about his person associated with alcoholic beverage, he — his words were slurred, he tended to stagger and stumble when he walked and he had problems performing the tests." T. at 61. Officer DeVees did not decide to arrest appellant until after the last battery of field sobriety testing. T. at 63.
Appellant argues because the trial court had suppressed his statements, the observations of his speech patterns were inadmissible. We disagree. Officer DeVees's initial contact with appellant at the scene of the accident was outside the scope of the suppression.
Appellant argues Officer DeVees did not observe his driving nor perform field sobriety tests prior to his arrest. We note a trained police officer investigating an accident can draw conclusions as to a person's driving ability from the scene. Officer DeVees conducted field sobriety tests after he had transported appellant to the police station. Officer DeVees claimed appellant was not under arrest at this time. We disagree with this claim as it is apparent appellant was in custody (placed in a police cruiser and transported to the station) and was not free to leave on his own accord. Although we agree with appellant the field sobriety tests cannot be used as a basis for probable cause to arrest, we still find sufficient evidence personally observed at the scene by Officer DeVees to give rise to probable cause to arrest.
The sole assignment of error is denied.
The judgment of the Alliance Municipal Court of Stark County, Ohio is affirmed.
By Farmer, P.J., Reader, J. and Wise, J. concur.
[1] We note the judgment entry on the plea for the offense of reasonable control is checked "no contest." However, the judgment entry on the plea for the offense of driving while intoxicated in checked "guilty." Because appellee makes no mention of this "guilty" plea and agrees with appellant's statement of the case wherein appellant states he pled no contest, we presume the "guilty" check is in error and appellant's plea on said charge should be "no contest."
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Alliance Municipal Court of Stark County, Ohio is affirmed.